IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| BRENDA K. LEE-WILSON | ) | |
| Plaintiff, | ) | Case Number: 06-1195 RBW |
| | ) | |
| v. | ) | |
| | ) | |
| GIANT OF MARYLAND LLC | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS,
OR IN THE ALTERNATIVE TO QUASH SERVICE OF PROCESS**

**I. FACTUAL BACKGROUND**

On June 29, 2006, the Plaintiff, Brenda Karyl Lee-Wilson ("Plaintiff") filed this action against Giant of Maryland LLC ("Defendant"). Plaintiff purports to assert claims of violation of the Americans With Disabilities Act (42 U.S.C. § 12101 et seq.). The gravamen of this action is Defendant's alleged failure to permit Plaintiff, who was behaving in a belligerent manner, entry to the store with her dog. Plaintiff has labeled her dog a service dog but has failed to allege any individualized training to set the service animal apart from the ordinary pet.[1]

On July 21, 2006, a Summons was issued to Plaintiff for Defendant. On July 24, 2006, Plaintiff through the U.S. Marshall Office, served the Complaint and Summons on one of Defendant's Customer Service Manager, Shirlette Hill. See, Process Receipt and Return, attached hereto as Exhibit A.

---

[1] See Bronk v. Incichen, 54 F.3b 425,429 (7th Cir. 1995); Green v. Housing Authority of Clackmas, 994 F. Supp. 1253, 1255 (D. Ore. Feb 19, 1998). The service animal must be peculiarly suited to ameliorate the unique problems of the disabled. See, Lapid-Laurel v. Zoning Bd. of Adjustment, 284 F. 3d 442, 460 (3rd Cir. 2002); See Proffer v. Columbia Tower, 1999 U.S. Dist. Lexis 16676, at 18-19, (S.D. Cal. March 4, 1992).

As explained below, Plaintiff has failed to serve the Complaint in a proper manner. Accordingly, this matter should be dismissed, or alternatively, service of process should be quashed.

## II. ARGUMENT
### The Complaint Should Be Dismissed For Failure To Effect Proper Service Upon the Defendant

Rule 4(h) of the Federal Rules of Civil Procedure, provides that service of process upon a corporation may be effected either: (1) "in the manner prescribed for individuals by subdivision (e)(l), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of service of process and , if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant…"

In the District of Columbia, service on an individual may be made by either: (i) mailing a copy of the summons and complaint to the person to be served by registered or certified mail, return receipt requested (Sup. Ct. R. 4(e)(3)); or (ii) delivering the same to the individual personally, to the individual's residence, or to an agent authorized by appointment or law to receive service (Sup. Ct. R. 4(e)(2)). With respect to a corporation or an association, the summons and complaint must be delivered to an officer, a managing or general agent, or any other agent authorized by statute to receive service (Sup. Ct. R. 4(h)(1)).

As stated above, Plaintiff attempted to serve Defendant by serving a customer service manager of the store. See, Exhibit A. This method is not authorized by either the Federal Rules of Civil Procedure or the Superior Court Rules for the District of Columbia. See, McLaughlin v. Fidelity Security Life Insurance, 667 A.2d 105, 106 (.D.C. 1995) (the agent's authority cannot be implied from the agent's position); Leichtman v. Koons, 527 A. 2d 745, 747 n.4 (D. C. 1987) (holding that office employee with authority to receive business communications does not by virtue of that position, have authority to receive process); Rosen v. Associates, Inc. v. Hurwitz, 465 A.2d 1114, 1117 (D.C. 1983) (motion to quash service

appropriate where service made upon receptionist without authorization to accept service of process).

The customer service manager was neither a managing or general agent for Giant, nor was she authorized to receive service on behalf of Giant.  See, Plano Aff., ¶ 3, Exhibit B. Defendant's authorized agent for service of process is Corporation Service Company ("CSC"). Id.

Consequently, Plaintiff's delivery of the summons, and a complaint to the customer service manager was not effective service upon Defendant.

### III. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant Defendant's Motion to Dismiss, or in the Alternative, to Quash Service of Process.

Respectfully submitted,

**REED SMITH LLP**

By: _____/s/_____
Bridnetta D. Edwards, (D.C. Bar #437467)
1301 K Street, N.W.
Suite 1100 - East Tower
Washington, DC  20005-3317
(202) 414-9200
bedwards@reedsmith.com

Attorney for Defendant