UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Brenda K. Lee-Wilson, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-1195 (RBW) |
| ) | |
| Giant Supermarket Foods and Pharmacy, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff brings this action against "Giant Supermarket Foods and Pharmacy," identified by defendant as Giant of Maryland, LLC, under the Americans with Disabilities Act. This matter is before the Court on defendant's motion to dismiss or, in the alternative, to quash service of process.[1]

Plaintiff is proceeding *pro se* and *in forma pauperis* in this action. She relies, then, on the Clerk of Court and the United States Marshals Service to effect service on her behalf. *See* 28 U.S.C. §1915(d); Fed. R. Civ. P. 4(c)(2). Although it is plaintiff's responsibility to provide complete and correct addresses for all defendants so that summonses and her complaint can be served, plaintiff has provided only the address of the supermarket where the events described in the complaint allegedly occurred. Based on the information provided by plaintiff in her complaint, the Clerk of Court issued a summons and the United States Marshals Service attempted to serve it and the complaint on defendant at 8th and O Streets, N.W., Washington, D.C. Shirlette Hill, the Customer Service Manager at that store,

---

[1] Plaintiff filed an opposition to the motion to dismiss on September 18, 2006.

"received and signed for a package that contained a Summons and a Complaint." Memorandum in Support of Defendant's Motion to Dismiss, or in the Alternative to Quash Service of Process ("Def.'s Mot."), Plano Decl. ¶ 3. However, Ms. Hill was "not authorized or appointed to accept service of process on behalf of Giant." *Id.*

A *pro se* plaintiff who depends on the Clerk of Court and the United States Marshals Service to effect service of process should not be penalized for a court officer's failure or mistake in properly effecting service of process. *See Mondy v. Secretary of the Army*, 845 F.2d 1051, 1060 (D.C. Cir. 1988) (MacKinnon, J. concurring). Defendant has identified the Corporate Service Company as its registered agent. Defs.' Mot., Plano Decl. ¶ 2. Where, as here, service may be effected properly on a second attempt, dismissal of this action is not appropriate. *See James v. Booz-Allen & Hamilton, Inc.*, 206 F.R.D. 15, 18 (D.D.C. 2002) (opting to quash service rather than dismiss complaint where there was "no reason to believe that the plaintiff will be unable to serve the defendant with a copy of the summons and complaint, if service were to be attempted again").

Accordingly, it is hereby

ORDERED that defendant's motion to dismiss [#4] is DENIED WITHOUT PREJUDICE, and its motion to quash [#5] is GRANTED. The Clerk of Court shall reissue summonses for service on defendant's registered agent and on defendant's counsel.

SO ORDERED.

_____/s/_____
REGGIE B. WALTON
Date: September 22, 2006        United States District Judge