IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRENDA K. LEE-WILSON )<br>Plaintiff, )<br>)<br>v. )<br>)<br>GIANT OF MARYLAND LLC )<br>Defendant. )<br>) | Case Number: 06-1195 RBW |

### MEMORANDUM IN SUPPORT OF DEFENDANT'S
### MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

#### I.   FACTUAL BACKGROUND

Defendant Giant of Maryland, LLC ("Defendant" or "Giant"), by and through its undersigned counsel, hereby submits its Memorandum In Support of Its Motion to Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted.

Plaintiff Brenda Karyl Lee-Wilson ("Plaintiff Wilson") filed a complaint for violation of Title III of the Americans with Disabilities Act 42 U.S.C. § 12181-12189 ("ADA") against Defendant. Specifically, Plaintiff Wilson alleges that she was subjected to discrimination in violation of 42 U.S.C. § 12182 of the ADA because her service dog was denied access to Defendant's grocery store. Plaintiff seeks relief from this Court for monetary damages in the amount of Five Hundred Thousand Dollars ($500,000.00).

As discussed below, Title III of the ADA does not authorize monetary damages for private litigants. Consequently, Plaintiff Wilson would not be entitled to the relief she seeks under any set of facts proven.

II.     **LEGAL STANDARD OF REVIEW**

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure should be granted when it appears that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. *See*, Summit Health, Ltd. V. Pinhas, 500 U.S. 322, 325, (1991); Conley v. Gibson, 355 U.S. 41, 45 (1957); Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002); Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1117 (D.C. Cir. 2000). In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must construe the complaint in a light most favorable to the plaintiff and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations. Doe v. United States Dep't of Justice, 753 F.2d 1092, 1102 (D.C. Cir. 1985); In re United Mine Workers of Am. Employee Benefit Plans Litig., 854 F. Supp. 914, 915 (D.D.C. 1994).

However, the court is not bound to accept the legal conclusions of the non-moving party. *See*, Jordan V. Evans, 404 F. Supp.2d 28, 30 (D.D.C. 2005) (claim dismissed under Rule 12(b)(6) where federal employee had no remedy under ADA because the United States is excepted from the statutory definition of "employer"); Fitts. v. Federal National Mortgage Association, 44 F. Supp. 2d. 317, 324 (D.D.C. 1999) (motion to dismiss granted where court concludes that Title III of the ADA does not permit plaintiff's suit challenging the disparity in her long-term disability benefits plan for benefits for mental versus physical disorders). Taylor v. FDIC, 132 F.3d 753, 762 (D.C. Cir. 1997). " . . . [D]ismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and de[s]igned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." Hobleman v. Kentucky Fried Chicken, 260 F. Supp.2d 801, 804 (D. Neb. 2003) citing Young v. City of St. Charles, 244 F.3d 623, 627 (8th Cir. 2001).

### III. ARGUMENT

**A. The Relief Plaintiff Seeks Is Not Available Under Title III of the ADA**

Title III of the ADA prohibits discrimination in places of public accommodations against persons with disabilities. *See*, 42 U.S.C. § 12181 (a).[1] The remedies available to an aggrieved party under Title III of the ADA are set forth in Section 12188:

> The remedies and procedures set forth in section 2000a-3(a) of this title are the remedies and procedures this subchapter provides to any person who is being subjected to discrimination on the basis of disability in violations of this subchapter or who has reasonable grounds for believing that such person is about to be subjected to discrimination in violation of section 12183 of this title. . . .

42 U.S.C. § 12188(a)(1). Section 12188(a)(1) of Title III of the ADA incorporates those remedies set forth in 42 U.S.C. § 2000a-3(a). This compendium of remedies allows only injunctive relief (as opposed to money damages). Newman v. Piggie Part Enters., 309 U.S. 400, 402 (1968). The applicable enforcement provision, 42 U.S.C. § 2000a-3(a), states that "a person aggrieved" may institute "a civil action for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order." Under the language of 42 U.S.C. § 2000a-3(a), a private party may obtain only preventive relief; damages for past harms are not available. Goodwin v. C.N.J., 436 F.3d 44, 50 (1st Cir. 2006); American Bus Ass'n v. Slater, 231 F.3d 1, 5 (D.C. Cir. 2000) (stating that the remedies set forth in 42 U.S.C. 2000a-3(a) do not include money damages).

Several courts of appeals, including the District of Columbia, have recognized that section 12188(a)(1) does not provide an award of monetary damages in suits brought by private

---

[1] A grocery store is considered a public accommodation for purposes of this subchapter. 42 U.S.C. § (7)(E).

parties. American Bus Ass'n v. Slater, 231 F.3d at 5; Hobleman v. Kentucky Fried Chicken, 260 F.Supp.2d at 805 ("Title III of the ADA does not provide for monetary damages or, concomitantly, a jury trial"); Sigros v. Walt Disney World Co., 190 F. Supp.2d 165, 169 (D. Mass. 2002) ("Compensatory damages are not available to private plaintiffs under Title III of the ADA").

In Plaintiff Wilson's prayer for relief, she states:

> I request a trial by jury and damages in the amount of 500,000.00 (Five Hundred Thousand Dollars) for Giant willing, knowingly, and intentionally breaking the Federal laws of service animals.

See, Complaint, p.3. Plaintiff Wilson's Complaint does not request any type of injunctive relief, only monetary damages in the amount of five hundred thousand dollars. Id. Section 12188(a)(1) provides no authority that would permit an award of damages to a private plaintiff or require that a jury trial be held under Title III of the ADA. Hobleman v. KFC, 260 F.Supp.2d at 805. As there is no relief that this Court may grant Plaintiff Wilson, her Complaint should be dismissed. See Godwin, 436 F.3d at 50 (district court concluded that it lacked jurisdiction to consider plaintiff's claims for either compensatory or punitive damages under Title III of the ADA).[2]

---

[2] The First Circuit in Godwin considered the court's inability to award monetary damages to be a subject matter jurisdiction issue. However, "[c]ourts have uniformly held that claims premised on a federal statute, but that fail to properly allege a claim for relief, should be dismissed under Rule 12(b) (6), rather than under Rule 12(b) (1). 2 Moore's Federal Practice, 12.34[4][a] (Matthew Bender 3d ed.) See, e.g., EEDC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 622-624 (D.C. Cir. 1997) (district court erred in dismissing complaint for lack of subject matter jurisdiction on grounds that defendant did not have enough employees to be subject to ADA as the defect went to merits of claim not jurisdiction).

**B.     Monetary Damages Are Only Awarded When An Action Is Initiated By The Attorney General**

Under section 12188, monetary damages are available only when the Attorney General has initiated a civil action. American Bus Ass'n v. Slater, 231 F. 3d at 5. "The monetary relief must be (1) awarded by a court (2) in a civil action (3) that was brought by the Attorney General." Id.; Jairath v. Dyer, 154 F.3d 1280, 1283 n.7 (11th Cir. 1998) (noting that all parties agreed monetary damages are only available under a Title III cause of action initiated by the Attorney General); Blake v. Southcoast Health System, Inc., 145 F. Supp.2d 126 (D. Mass. 2001) (the fact that the Attorney General may sue for past discrimination is consistent with the provision that only in suits instigated by the Attorney General may monetary damages be awarded).

As this action was filed by a private litigant, Brenda Karyl Lee-Wilson, and not the Attorney General, Plaintiff Wilson is not entitled to recover any monetary damages. Accordingly, Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant Defendant's Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted.

Respectfully submitted,

**REED SMITH LLP**

By: _____/s/_____
Bridnetta D. Edwards, (D.C. Bar #437467)
1301 K Street, N.W.
Suite 1100 - East Tower
Washington, DC 20005-3317
(202) 414-9200
bedwards@reedsmith.com

Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing Defendant's Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted to be served by first-class mail, postage prepaid this 21st day of November upon:

> Brenda K. Lee-Wilson
> P.O. Box 14242
> Ben Franklin Station
> Washington, DC 20044-4242

                                                            /s/
                                            Bridnetta D. Edwards