UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Brenda K. Lee-Wilson, </br></br>    Plaintiff, </br></br> v. </br></br>Giant Supermarket Foods and Pharmacy, </br></br>    Defendant. | ) </br> ) </br> ) </br> ) </br> )   Civil Action No. 06-1195 (RBW) </br> ) </br> ) </br> ) </br> ) |

**ORDER**

  Defendant filed a motion to dismiss on November 21, 2006. On November 28, 2006, the Court issued an Order advising plaintiff of her obligation to file an opposition or other response to the motion, and warning her that, if she failed to file an opposition by December 29, 2006, the Court would treat the motion as conceded. Plaintiff twice filed motions for court-appointed counsel, and the Court denied both motions without prejudice. Because plaintiff did not file a timely opposition to defendant's dispositive motion, on January 8, 2007, the Court granted defendant's motion as conceded and dismissed this action without prejudice. Eight days later, on January 16, 2007, plaintiff filed the instant motion for reconsideration to which she attached her opposition to defendant's motion to dismiss.

  The Court construes plaintiff's motion for reconsideration as a motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *See, e.g., Derrington-Bey v. District of Columbia Dep't of Corr.*, 39 F.3d 1224, 1225-27 (D.C. Cir.1994) (treating motion for reconsideration as a Rule 59(e) motion if it is filed within 10 days of entry of the challenged

1

order); *United States v. Pollard*, 290 F. Supp. 2d 153, 156 (D.D.C. 2003). "Motions under [Rule] 59(e) are disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances." *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001). Such a motion "need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Anyanwutaku v. Moore*, 151 F.3d 1053, 1057 (D.C. Cir. 1998) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam) (internal quotation marks and citation omitted)).

Plaintiff's motion for reconsideration refers only to the Court's denial of her second motion for court-appointed counsel. And, plaintiff equates the appointment of counsel with her ability to oppose defendant's motion. *See* Pl.'s Opp'n to Def.'s Mot. to Dismiss at 2. Moreover, plaintiff states that she "felt the Court would grant this motion prior to the 29th of December, 2006 deadline for plaintiff to file [her] opposition to defendant[']s motion to dismiss," and that she "did not receive [notice of the] denial of the second motion for court appointed attorney until 05 January, 2007." Pl.'s Mot. for Reconsideration at 1.

A plaintiff in a civil case generally does not have a constitutional or statutory right to counsel. *See Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981). Taking into account the nature and lack of complexity of this action, the absence of any merit of plaintiff's claims,[1] plaintiff's

---

[1] Generally, plaintiff alleges that defendant violated the Americans with Disabilities Act ("ADA"), *see* 42 U.S.C. §§ 12181 *et seq.*, when its employees refused to allow her "service dog" to accompany her into a supermarket. *See* Compl. at 1-2. She demands damages of $500,000. *Id.* at 3. Assuming, without deciding, that plaintiff brings a viable ADA claim, an award of monetary damages is not authorized under the applicable enforcement provisions. *See* 42 U.S.C. §§ 2000a-3(a), 12188 (a)(1); *Am. Bus Ass'n v. Slater*, 231 F.3d 1, 4-5 (D.C. Cir. 2000)
(continued...)

demonstrated inability to retain counsel by other means, and the degree to which the interests of justice will be served by appointment of counsel, *see* Local Civil Rule 83.11(b)(3), the Court maintains its view that appointment of counsel to represent plaintiff in this action is not warranted. In any event, plaintiff's *pro se* status does not relieve her of the obligation to comply with the rules and orders of this Court.

Plaintiff was advised of her obligation to file an opposition to defendant's motion and was warned of the consequences of her failure to do so by the December 29, 2006 deadline. Local Civil Rule 7(b) expressly authorizes the Court to treat a motion as conceded if the opposing party fails to file and serve her memorandum of points and authorities within the time set for her opposition. *See, e.g., Fed. Deposit Ins. Corp. v. Bender*, 127 F.3d 58, 68 (D.C. Cir. 1997); *Stephenson v. Cox*, 223 F. Supp. 2d 119, 120 (D.D.C. 2002). This rule "assists the district court in 'maintain[ing] docket control and . . . decid[ing] motions . . . efficiently and effectively.'" *Fed. Deposit Ins. Corp. v. Bender*, 127 F.3d at 67 (quoting *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 150 (D.C. Cir. 1996)).

Because plaintiff does not demonstrate extraordinary circumstances in support of her position, the Court will deny her motion for reconsideration.

---

[1](...continued)
(concluding that agency did not have power to authorize money damages against companies that fail to comply with the ADA); *Cole v. Nat'l Collegiate Athletic Ass'n*, 120 F. Supp. 2d 1060, 1072 n.10 (N.D. Ga. 2000) (striking demand for monetary and punitive damages because remedy for violation of Title III of the ADA is limited to injunctive relief).

Accordingly, it is hereby

ORDERED that plaintiff's motion for reconsideration [#22] is DENIED.

SO ORDERED.

                                                           /s/
                                      REGGIE B. WALTON
                                      United States District Judge

Date:   May 29, 2007